## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **GEORGE E. SULLIVAN II,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 2:23-cv-00402-LEW** |
| | ) | |
| **HARVEY NICHOLS et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

### RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted George E. Sullivan II's application to proceed *in forma pauperis*, *see* Order (ECF No. 9), his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the Court dismiss Sullivan's complaint.

### I. Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to

1

spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II.  Allegations

In his complaint, Sullivan alleges that he registered the domain www.harvey-nichols.com to use as a memorial website for his grandfather Harvey Sayward, whose nickname was Nichols. Complaint at 9. Before he could create his memorial website, however, he was locked out the domain because Harvey Nichols, a department store, filed a trademark infringement case against him with the World Intellectual Property Organization (WIPO). *Id.* at 9-10. Even though he never tried "to resell the domain" and "had no plans to sell any goods" on the website, the WIPO ruled against him. *Id.* at 10. Based on the WIPO ruling, Sullivan's domain provider

transferred ownership of the domain to Harvey Nichols. *See id.* Sullivan now brings suit against the WIPO, Harvey Nichols, and "Sir Dickson Poon" (the "owner of Dickson Concepts/Harvey Nichols"), accusing them of abusing arbitration and filing "false trademark claims" against him. *Id.* at 2-3, 6, 8. He asks the Court to "return the ownership of the domain" to him and award him damages. *Id.* at 11.

### III. Discussion

Even with a liberal reading, I am unable to discern any viable claims in Sullivan's complaint. His complaint is vague and confusing, lacking crucial details such as what right he has to the name Harvey Nichols, why Harvey Nichols's trademark claims to its own long held name are invalid[1], and how the WIPO proceedings were unfair. Moreover, he cites no legal authority supporting the idea that this Court may order the WIPO or his domain provider to return the website to him merely because he was not going to sell the domain or use it to sell goods. In such circumstances, he fails to state a claim on which relief may be granted. *Twombly*, 550 U.S. at 570; *Byrne*, 2020 WL 1317731, at *5.

### IV. Conclusion

For the foregoing reasons, I recommend that the Court **DISMISS** Sullivan's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *NOTICE*

***A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen***

---

[1] According to its website, Harvey Nichols has been in business since the 1800s. *See* Harvey Nichols, *The History*, https://www.harveynichols.com/info/help/about/the-history/ (last visited Dec. 8, 2023).

*(14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: December 11, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge